# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIM. ACTION NO. 3:18-CR-582-S-1 |
| | § | |
| MELISSA SUMEROUR (1) | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses the narrow issue of Defendant Melissa Sumerour's ("Defendant") objection to the inclusion of losses attributable to acquitted conduct in the total calculated loss amount and resulting 18-level enhancement in ¶ 48 of the Presentence Investigation Report ("PSR"). *See* ECF Nos. 146, 166. For the reasons stated herein and on the record at the September 22, 2020 sentencing hearing, the Court **SUSTAINS** Defendant's objection regarding the Court's consideration of Defendant's acquitted conduct and therefore declines to consider loss amounts that are attributable, or arguably attributable, to the same.

### I.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On November 20, 2018, the Government charged Defendant in a one-count indictment with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349. *See* ECF No. 12. Defendant's alleged co-conspirators included Co-Defendant Latosha Morgan and an unindicted individual referred to therein as "Physician A." *See id.* On December 3, 2018, Defendant entered a plea of "not guilty," and on December 12, 2018, the Court set Defendant's case for trial. *See* ECF Nos. 15, 19.

Two months later, on February 21, 2019, the Government filed a superseding indictment ("Superseding Indictment") against Defendant and Co-Defendant Morgan. *See* ECF No. 28. The Superseding Indictment again charged Defendant and Co-Defendant Morgan with conspiracy to commit health care fraud ("Conspiracy Count"), but it also alleged six individual counts of health

care fraud, in violation of 18 U.S.C. §§ 1347 and 2, against Defendant ("Health Care Fraud Counts") and three separate counts of health care fraud against Co-Defendant Morgan. *See id.* ¶¶ 9-24. Like the original indictment, the Superseding Indictment alleged that "Physician A" was a co-conspirator with Defendant and Co-Defendant Morgan but, again, did not formally charge "Physician A" with any crime. *See id.* ¶ 10. The Superseding Indictment stated, among other allegations, that Defendant and Co-Defendant Morgan "reported directly to Physician A," that "Physician A incentivized [Defendant] and [Co-Defendant] Morgan to maximize billing," that "Physician A, [Defendant], and [Co-Defendant] Morgan submitted or caused to be submitted fraudulent claims to [the Office of Workers' Compensation Programs]," and that "Physician A directed [Defendant] and [Co-Defendant] Morgan to falsely bill for drug screening (toxicology) testing." *Id.* ¶¶ 6-7, 16-17, 19.

On March 27, 2019, Defendant and Co-Defendant Morgan entered pleas of "not guilty" under the Superseding Indictment. *See* ECF Nos. 43-44.

On June 6, 2019, the Government filed a one-count superseding information charging Co-Defendant Morgan only with conspiracy to commit health care fraud with Defendant and "Physician A." *See* ECF No. 49. That same day, Co-Defendant Morgan waived indictment and pleaded guilty to the superseding information pursuant to a plea agreement, plea agreement supplement, and factual resume. *See* ECF Nos. 50-53. On July 16, 2019, Co-Defendant Morgan was rearraigned and formally entered her plea of "guilty" to the conspiracy count charged in the superseding information. *See* ECF No. 67. Co-Defendant Morgan has yet to be sentenced.

On December 9, 2019, Defendant's week-long jury trial commenced,[1] and on December 13, 2019, the jury returned a unanimous verdict acquitting Defendant of the Conspiracy Count but convicting Defendant on the Health Care Fraud Counts. *See* ECF No. 135. The underlying dollar amount presented to the jury on the Health Care Fraud Counts totaled $1,215. *See* ECF No. 131 at 42.

On December 23, 2019, the Court scheduled Defendant's case for sentencing. *See* ECF No. 137.

On February 4, 2020, the U.S. Probation Office ("Probation") filed the PSR. *See* ECF No. 141-1. Among other findings, the PSR determined that the calculated total loss amount attributable to Defendant should include Defendant's acquitted conduct underlying the Conspiracy Count. Accordingly, the PSR attributed to Defendant a total loss amount of $5,730,083 and assigned Defendant an 18-level enhancement under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B1.1(b)(1)(J). *See id.* ¶¶ 29-31, 48.

On February 26, 2020, Defendant filed her objections to the PSR, *see* ECF No. 146, in which she argued that the PSR's 18-level enhancement is incorrect because the total calculated loss amount improperly includes losses that stemmed from her acquitted conspiracy charge. Such acquitted conduct, Defendant argued, does not fall within the definition of "relevant conduct" under U.S.S.G. § 1B1.3 and, thus, should not be considered at sentencing. *See id.* at 2-3. Defendant also objected that such inclusion violates her due process rights under the U.S. Constitution. *See id.* at 1, 3-4.

---

[1] Although the identity of purported co-conspirator "Physician A," i.e., Dr. Leslie Benson, was clearly known to the Government by the first day of Defendant's trial, *see* ECF No. 128 at 6:22-7:9, the trial proceeded only against Defendant because the Government never formally charged Dr. Benson in any of its charging instruments.

3

On March 24, 2020, Probation filed an Addendum to the Presentence Report ("PSR Addendum") rejecting Defendant's objection regarding acquitted conduct. *See* ECF No. 162. Specifically, the PSR Addendum noted that under *United States v. Watts*, 519 U.S. 148, 154 (1997), the district court may consider a defendant's acquitted conduct at sentencing, so long as that conduct has been proved by a preponderance of the evidence. *See id.* at 5.

On September 2, 2020, the Government filed a sentencing memorandum and response to Defendant's objections addressing, among other issues, the PSR's total calculated loss amount and the 18-level enhancement. *See* ECF No. 162. In its brief, the Government asserted that Defendant's acquitted conduct should be considered "relevant conduct" because "the evidence at trial showed, by more than a preponderance, that the defendant did not act alone." *Id.* at 11. In support of this argument, the Government rehashed the evidence that it presented at length during trial—evidence the jury found to be insufficient to convict Defendant of the Conspiracy Count.[2] *See id.* at 11-13 (referring to various trial testimony and exhibits).

On September 12, 2020, Defendant filed her sentencing memorandum, which reiterated that her acquitted conduct should not be considered when calculating the aggregate loss amount for determination of her sentence. *See* ECF No. 166. According to Defendant, in seeking inclusion of the loss amounts stemming from her acquitted conduct, the Government essentially "asks the Court to sentence [Defendant] as if the jury had convicted her of Count 1 [Conspiracy to Commit Health Care Fraud]." *Id.* at 9. Defendant maintained that the correct total loss amount was the sum attributable to her only under the Health Care Fraud Counts for which she was convicted. *See id.*

On September 22, 2020, the Parties appeared before the Court to conduct Defendant's sentencing hearing.

---

[2] As the Court observed at the September 22, 2020 sentencing hearing, the vast majority of the Government's evidence and efforts at trial pertained to attempting to prove the Conspiracy Count.

## II.     LEGAL STANDARD FOR CONSIDERING ACQUITTED CONDUCT

U.S.S.G. § 1B1.3 provides that a sentencing court shall consider, among other conduct, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and, where applicable, "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction" when determining a defendant's applicable sentencing range. Regarding whether acquitted conduct may also be considered, "[i]t is well established . . . that a 'jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.'" *United States v. Andradi*, 309 F. App'x 891, 893 (5th Cir. 2009) (quoting *United States v. Watts*, 519 U.S. 148, 157 (1997)). Although the Government "must prove all elements of a criminal offense beyond a reasonable doubt" at trial, "findings of fact for sentencing purposes need meet only the lower standard of 'preponderance of evidence.'" *United States v. Hull*, 160 F.3d 265, 269 (5th Cir. 1998) (noting that "a finding that [defendant] was not guilty of conspiracy for purposes of conviction is not inconsistent with a finding that [defendant] was a conspirator for purposes of sentencing").

In determining the amount of loss for offense level calculations resulting from a fraud offense, "[g]enerally, it is the [G]overnment's burden to show by a preponderance of the evidence the amount of loss attributable to fraudulent conduct." *United States v. Mathew*, 916 F.3d 510, 520 (5th Cir. 2019) (quoting *United States v. Nelson*, 732 F.3d 504, 521 (5th Cir. 2013)). "The district court 'need only make a reasonable estimate of the loss,' . . . based on the available information." *Id.* (citing *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007)).

### III. CONSPIRACY TO COMMIT HEALTH CARE FRAUD WAS NOT PROVED BY A PREPONDERANCE OF THE EVIDENCE

The Court finds that Defendant's purported involvement in a conspiracy to commit health care fraud was not proved by a preponderance of the evidence. A conspiracy to commit health care fraud requires: (1) two or more persons made an agreement to commit health care fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. *See United States v. Gibson*, 875 F.3d 179, 185-86 (5th Cir. 2017).

For the reasons stated on the record at the September 22, 2020 sentencing hearing, the Court finds that there is insufficient evidence to support a showing on any of these three prongs, even by the "lower standard of 'preponderance of the evidence,'" that Defendant conspired to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349. *Hull*, 160 F.3d at 269. Accordingly, as a matter of law, the Court is prevented from considering Defendant's acquitted conduct of conspiracy in determining the total loss amount potentially attributable to Defendant. *See Andradi*, 309 F. App'x at 893.

### IV. CONSIDERATION OF DEFENDANT'S ACQUITTED CONDUCT WOULD INFRINGE UPON HER FIFTH AND SIXTH AMENDMENT RIGHTS

As a separate, alternative, and independent basis for sustaining Defendant's limited objection, the Court finds, under the particular facts of this case, that considering Defendant's acquitted conduct when calculating the total loss amount potentially attributable to Defendant would result in an improper end-run around Defendant's Constitutional rights to due process under the Fifth Amendment and to a trial by an impartial jury under the Sixth Amendment. *See United States v. Bell*, 808 F.3d 926, 928 (D.C. Cir. 2015) (Kavanaugh, J., concurring) ("Allowing judges to rely on acquitted or uncharged conduct to impose higher sentences than they otherwise would impose seems a dubious infringement of the rights to due process and to a jury trial."); *United*

States v. Sabillon-Umana, 772 F.3d 1328, 1331 (10th Cir. 2014) (noting that it is "far from certain whether the Constitution allows" a judge to increase a defendant's sentence "based on facts the judge finds without the aid of a jury or the defendant's consent"). Importantly, "[t]he Sixth Amendment [right to a jury trial], together with the Fifth Amendment's Due Process Clause," requires that each element of a crime be either admitted by the defendant or proved to the jury beyond a reasonable doubt. *Jones v. United States*, 574 U.S. 948 (2014) (Scalia, J., dissenting). "Any fact that increases the penalty to which a defendant is exposed constitutes an element of a crime . . . and 'must be found by a jury, not a judge.'" *Id.* (quoting *Cunningham v. California*, 549 U.S. 270, 281 (2007)).

Here, if the Court were to accept the Government's argument and consider Defendant's acquitted conduct in calculating the total loss amount, the Court would effectively undermine the jury's role and render meaningless its unanimous "not guilty" verdict on the Conspiracy Count.[3] Indeed, under the Government's proposed framework, the total loss amount would be *exactly the same* as that if Defendant were to have been found "guilty" of conspiracy, and Defendant's total offense level and sentencing range would likewise be no different. In simpler terms, Defendant could serve a sentence for a crime for which she was acquitted. Such a potential outcome is especially troubling where, as here, not all of Defendant's alleged co-conspirators were even indicted in the charging instrument. To hold Defendant responsible at the sentencing stage for the total loss amount attributable to an alleged conspiracy, despite Defendant's acquittal of the same, offends a sense of justice, and the Court declines to make such a reaching determination here.

---

[3] As a general matter, the Court has concerns with holding Defendant liable for acquitted criminal conduct that need only to be proved by a preponderance of the evidence at the sentencing stage, when the Fifth and Sixth Amendments "require criminal convictions to rest *upon a jury determination* that the defendant is guilty of every element of the crime with which he is charged, *beyond a reasonable doubt.*" *United States v. Gaudin*, 515 U.S. 506, 510 (1995) (emphasis added).

7

## V.     CONCLUSION

For the reasons stated above, the Court declines to consider the loss amounts attributable to Defendant's acquitted charge of conspiracy to commit health care fraud. Accordingly, Defendant's objection to the Court's consideration of acquitted conduct is **SUSTAINED**.

**SO ORDERED.**

SIGNED October 8, 2020.

*/s/ Karen Gren Scholer*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**